**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION**

**MARCHELLO JACKSON,**

     **Plaintiff,**

**vs.**                           **Case No. 4:11cv216-SPM/WCS**

**EDWIN BUSS, et al.,**

     **Defendants.**

_____**/**


**REPORT AND RECOMMENDATION**

This case was initiated in May, 2011, by Plaintiff, an inmate proceeding *pro se*, and who was granted leave to proceed *in forma pauperis.*  Doc. 9.  The order explained to Plaintiff that leave to proceed *in forma pauperis* is merely permission to "proceed without the prepayment of the entire filing fee."  Doc. 9, p. 1.  Plaintiff was advised that after payment of the assessed initial partial filing fee, he must make monthly payments when funds are available in his inmate bank account "until the filing fee of $350.00 is paid in full."  *Id.*, at 2.   Prior to filing the *in forma pauperis* motion, Plaintiff was advised at the outset that filing fees "are not refundable regardless of dismissal of the action."  Doc. 3, p. 2.  Plaintiff was advised that even if he is granted *in forma pauperis* status

and pays an initial filing fee, his case may be dismissed if the complaint is frivolous, malicious, or fails to state a claim.  *Id.*

After being granted *in forma pauperis* status, doc. 9, and being directed to file an amended complaint, doc. 11, Plaintiff filed a motion to consolidate this case with another case filed (case 4:11cv218).  Doc. 12.  The motion was denied in part because Plaintiff provided no information about why the cases should be consolidated and because in the other case cited by Plaintiff, there was only one defendant listed who was not a Defendant named in this case.  Doc. 13.  Plaintiff was advised that the motion to consolidate was denied, but he was free to voluntarily dismiss this case and proceed only with the other case if he desired to do so.  *Id.*  If Plaintiff did want to continue with this case, he was given until October 21, 2011, to file an amended complaint.  *Id.*

Plaintiff then filed a letter which was construed as a notice of voluntary dismissal of this case.  Doc. 14.   Since Plaintiff requested a refund of money paid towards this case and no further deductions from his inmate bank account, I entered an order deferring ruling on that request for dismissal and advising Plaintiff that the relief sought could not be provided.  Doc. 15.  Plaintiff appealed that order.  Doc. 17.

Prior to a ruling being entered on Plaintiff's appeal, I entered an order advising Plaintiff that he had been given until November 18, 2011, to file an amended complaint if he wanted to proceed with this case.  Doc. 18.  Plaintiff was advised that during the time his appeal was pending, that deadline would be stayed; however, Plaintiff was warned that if my order was affirmed, Plaintiff would be required to expeditiously file the amended complaint if he wanted to proceed.  *Id.*  He was further warned that if nothing

was received, his previously filed notice of voluntary dismissal, would be accepted and this case closed.  *Id.*

The order was affirmed by District Judge Stephan Mickle in late December, 2011. Doc. 19.  Judge Mickle's order explained to Plaintiff that pursuant to § 1915(b)(1), a prisoner is required to pay the fee even if the case is dismissed, and there is no right to a refund.  Doc. 19.  Plaintiff was permitted to file an amended complaint by January 9, 2012, if Plaintiff desired to continue with this case.  *Id.*  The order again advised Plaintiff that if nothing was received, the case would be dismissed based on Plaintiff's previously filed notice of voluntary dismissal.  *Id.*

Plaintiff did not file the amended complaint, but on January 12th, he filed an appeal to the Eleventh Circuit.  Doc. 21.  Plaintiff has not paid the filing fee for an appeal, nor has Plaintiff filed a motion for leave to proceed *in forma pauperis* on appeal. Moreover, such an appeal is premature as this case is still pending and Plaintiff's notice of appeal does not deprive this court of jurisdiction.  An order that disposes of fewer than all the claims of all the parties to an action is not final or immediately appealable to the Court of Appeals unless the district court certifies the order for immediate appeal pursuant to Fed. R. Civ. Proc. 54(b).  28 U.S.C. § 1291; Williams v. Bishop, 732 F.2d 885, 885-886 (11th Cir. 1984).  The order Plaintiff sought to appeal does not dispose of any claims in this case and, therefore, the Eleventh Circuit Court of Appeals does not acquire jurisdiction.  Because this court did not issue a Rule 54(b) certificate, Plaintiff's attempted interlocutory appeal is invalid and this court has not lost jurisdiction.

Plaintiff has been provided numerous opportunities to submit an amended complaint if he desired to do so.  He has not shown any indication that he wishes to

proceed with this litigation. Therefore, it is recommended that Plaintiff's notice of voluntary dismissal be accepted and this complaint be dismissed for failure to comply with court orders and failure to prosecute. Since Plaintiff is *pro se* and may have misunderstood that his "notice of appeal" (for which Plaintiff did not pay the filing fee) does not deprive this court of jurisdiction to proceed, the fifteen day period of time to file objections to this report and recommendation will provide Plaintiff with an opportunity to demonstrate his willingness to proceed in this case and file the amended complaint.

In light of the foregoing, it is respectfully **RECOMMENDED** that this case be **DISMISSED** because Plaintiff has not filed the amended complaint as ordered, and because Plaintiff previously filed a notice of voluntary dismissal.

**IN CHAMBERS** at Tallahassee, Florida, on February 6, 2012.


 S/      William C. Sherrill, Jr.
**WILLIAM C. SHERRILL, JR.**
**UNITED STATES MAGISTRATE JUDGE**



## NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. Alternatively, Plaintiff may file a motion for reconsideration which will be referred to me within 14 days.**